```
N7QHLewA
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                         23 Cr. 370 (VF)

JOSEPH LEWIS, PATRICK
O'CONNOR, and BRYAN MARTY
WAUGH,

                                        Arraignment
                Defendants.
------------------------------x

                                        New York, N.Y.
                                        July 26, 2023
                                        1:30 p.m.

Before:

                    HON. VALERIE FIGUEREDO,

                                        U.S. Magistrate Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
NICOLAS ROOS
JASON RICHMAN
     Assistant United States Attorneys

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
     Attorneys for Defendant Lewis
BY:  DAVID M. ZORNOW

KAPLAN HECKER & FINK LLP
     Attorneys for Defendant O'Connor
BY:  SHAWN GEOVJIAN CROWLEY

KRIEGER KIM & LEWIN LLP
     Attorneys for Defendant Waugh
BY:  NICHOLAS J. LEWIN

Also Present:  Tyler Whitecomb, FBI

1              THE DEPUTY CLERK:  Good afternoon, your Honor.

2              This is the case of U.S. v. Joseph Lewis, Patrick

3    O'Connor, and Marty Waugh, case No. 23 Cr. 370.

4              Government, please make your appearance for the

5    record.

6              MR. ROOS:  Good afternoon, your Honor.

7              Nick Roos, Jason Richman, for the United States.

8    We're joined at counsel's table by Special Agent Tyler

9    Whitecomb of the FBI.

10             THE COURT:  Good afternoon.

11             I guess for Mr. Lewis.

12             MR. ZORNOW:  Yes, your Honor.  David Zornow, Skadden

13   Arps Slate Meagher & Flom LLP, for Mr. Lewis.

14             THE COURT:  Good afternoon, Mr. Zornow.

15             And good afternoon, Mr. Lewis.

16             And for Mr. O'Connor.

17             MR. CROWLEY:  Good afternoon, your Honor.  Shawn

18   Crowley from Kaplan Hecker & Fink, for Patrick O'Connor.

19             THE COURT:  Good afternoon, Ms. Crowley.

20             Good afternoon, Mr. O'Connor.

21             And for Mr. Waugh.  Did I get that right?

22             MR. LEWIN:  Yes, Judge.

23             Nick Lewin from Krieger Kim & Lewin LLP for Marty

24   Waugh, who is seated to my right.

25             THE COURT:  Good afternoon, Mr. Lewin.

1           And good afternoon, Mr. Waugh.

2           MR. LEWIN:  Good afternoon, Judge.

3           THE COURT:  Mr. Roos or Mr. Richman, could I have the
4    time of arrest and date.

5           MR. ROOS:  The defendants surrendered to the FBI this
6    morning at approximately 6:30.

7           THE COURT:  Mr. Lewis, Mr. O'Connor, and Mr. Waugh,
8    I'm Magistrate Judge Figueredo.  The purpose of today's
9    proceeding is to advise you of certain rights that you have,
10   inform you of the charges against you, consider whether counsel
11   should be appointed for you, and decide under what conditions,
12   if any, you shall be released pending trial.

13          I'm going to explain certain constitutional rights
14   that you have.  You have the right to remain silent.  You are
15   not required to make any statements.  Even if you have already
16   made statements to the authorities, you do not need to make any
17   further statements.  Any statements that you do make can be
18   used against you.

19          You have the right to be released either conditionally
20   or unconditionally pending trial, unless I find that there are
21   no conditions that would reasonably assure your presence at
22   future court appearances and the safety of the community.

23          If you are a foreign national, you have the right to
24   request that a consular officer from your country of origin be
25   notified of your arrest.  In some cases a treaty or other

N7QHLewA

1  agreement may require the United States government to give that
2  notice whether you request it or not.
3      You have the right to be represented by an attorney
4  during all court proceedings, including this one, and during
5  all questioning by the authorities.  If you cannot afford an
6  attorney, I'll appoint one today to represent you.
7      Mr. Roos, just want to confirm, we're doing an
8  arraignment as well?
9      MR. ROOS:  That's correct, your Honor.  The district
10  court judge referred this for presentment and arraignment.
11      THE COURT:  Mr. Zornow, have you received a copy of
12  the indictment?
13      MR. ZORNOW:  Yes, your Honor.  Whoops, sorry.
14      THE COURT:  Have you reviewed the indictment with
15  Mr. Lewis?
16      MR. ZORNOW:  Yes, your Honor.
17      THE COURT:  Is he waiving a detailed reading of the
18  charges?
19      MR. ZORNOW:  Yes, your Honor.
20      THE COURT:  Mr. Lewis, in Counts One and Two, you are
21  charged with conspiracy to commit securities fraud, in
22  violation of Title 18, United States Code, Section 371.
23      In Counts Three through Fifteen, you're charged with
24  securities fraud, in violation of Title 15, United States Code,
25  Sections 78j(b) and 78ff.

1        You're also charged in Counts Fifteen through Eighteen
2   with violating, again, Title 18, United States Code,
3   Section 1348 and 2, securities fraud.
4        And in the last count, you're charged with conspiracy
5   to commit securities fraud and make false statements, in
6   violation of Title 18, United States Code, Section 371.
7        Are you prepared to enter a guilty —— a plea to the
8   indictment?
9        DEFENDANT LEWIS:  Yes.
10       THE COURT:  And what is your plea, Mr. Lewis?
11       DEFENDANT LEWIS:  Not guilty, your Honor.
12       THE COURT:  A plea of not guilty will be entered, and
13  the record should reflect that Mr. Lewis is now arraigned.
14       Ms. Crowley, have you received a copy of the
15  indictment?
16       MR. CROWLEY:  I have, and I have discussed it with my
17  client.  And we waive its public reading, your Honor.
18       THE COURT:  Mr. O'Connor, in Count One you're charged
19  with conspiracy to commit securities fraud, in violation of
20  Title 18, United States Code, Section 1348.
21       In Counts Three through Fifteen, you're charged with
22  securities fraud, in violation of Title 18, United States Code,
23  Section 1348 and 2.
24       In Count Sixteen and Seventeen and Eighteen, you're
25  also charged with securities fraud, in violation of Title 18,

1  United States Code, Section 1348 and 2.
2              Are you prepared to enter a plea to the indictment at
3  this time?
4              DEFENDANT O'CONNOR:  Yes.
5              THE COURT:  And what is your plea?
6              DEFENDANT O'CONNOR:  Not guilty, your Honor.
7              THE COURT:  A plea of not guilty will be entered, and
8  the record should reflect that Mr. O'Connor is now arraigned.
9              Mr. Lewin, have you received a copy of the indictment?
10             MR. LEWIN:  We have, Judge.  And I've reviewed it with
11 my client, and we waive its public reading.
12             THE COURT:  And is Mr. Waugh prepared to enter a plea
13 to the indictment at this time?
14             MR. LEWIN:  He is, Judge.
15             THE COURT:  What's your plea, Mr. Waugh?
16             DEFENDANT WAUGH:  Not guilty, your Honor.
17             THE COURT:  A plea of not guilty will be entered, and
18 the record should reflect that Mr. Waugh is now arraigned.
19             In accordance with Rule 5(f), I direct the prosecution
20 to comply with its obligation under *Brady v. Maryland* and its
21 progeny to disclose to the defense all information, whether
22 admissible or not, that is favorable to the defendant, material
23 either to guilt or punishment, and known to the prosecution.
24 Possible consequences for noncompliance may include dismissal
25 of individual charges or the entire case, exclusion of

N7QHLewA

evidence, and professional discipline or court sanctions on the attorneys responsible.

I'll enter an order more fully describing this obligation and possible consequences of failing to meet it, and I direct the prosecution to review and comply with that order.

Does the prosecution confirm that it understands its obligations and will fulfill them?

MR. ROOS:  Yes, your Honor.

THE COURT:  Thank you.

My understanding is there is an agreement regarding release pending trial.

MR. ROOS:  That's correct, your Honor.  And I'd be happy to give you the proposed conditions of release for each of the defendants.

THE COURT:  Can we start with Mr. Lewis?

MR. ROOS:  Certainly.

So for Mr. Lewis, it is a $300 million personal recognizance bond to be secured by the yacht known as the *Aviva* and Mr. Lewis' private aircraft, the total value of which combined are approximately the value of the bond, $300 million, so the bond in that way would be fully secured; cosigned by two financially responsible persons who will sign bonds in lesser amounts, not the full $300 million; surrender of passports, which I believe has already happened, and no new applications; subject to regular reporting to Pretrial Services as directed;

1   execute extradition waivers for countries agreed to with the
2   United States Attorney's Office; travel restricted to the
3   Southern District of New York, the Eastern District of New
4   York, the Northern District of Virginia, and the entire state
5   of Florida.
6           MR. ZORNOW:  Excuse me, Mr. Roos, Northern District of
7   Georgia.
8           MR. ROOS:  I said something different?
9           MR. ZORNOW:  You said Virginia.
10          MR. ROOS:  My apologies.  It's written right.  I just
11  said it wrong.  I'll read them again.
12          Southern District of New York, Eastern District of
13  New York, Northern District of Georgia, and the entirety of the
14  state of Florida and all points in between for purposes of
15  travel.
16          THE COURT:  What's in the Northern District of
17  Georgia?
18          MR. ROOS:  Atlanta, he has a property holding.
19          THE COURT:  OK.
20          MR. ROOS:  No international travel; a prohibition on
21  boarding the yacht or yachts that he owns; notification to the
22  FBI, U.S. Attorney's Office, and Pretrial Services if the
23  yachts are moving locations; access to the plane for purposes
24  of domestic travel for court only; prior notice to the FBI,
25  Southern District of New York, U.S. Attorney's Office, and

1  Pretrial Services if the plane is going to be used; no contact
2  with codefendants except in the presence of counsel; no contact
3  with witnesses designated by the U.S. Attorney's Office.  That
4  designation will be made in a writing, either email or letter,
5  with defense counsel.  Excluded from this limitation are
6  Mr. Lewis' personal assistants.  Two weeks to complete the
7  conditions.
8       THE COURT:  Mr. Roos, you had mentioned the bond.
9  There would be a $300 million personal recognizance bond fully
10 secured by those two properties or assets, but then you
11 mentioned another bond cosigned by two financially responsible
12 people, but you didn't give me an amount.
13      MR. ROOS:  That's correct, your Honor.  So I think,
14 given just the personal financial circumstances of the two
15 cosigners, whoever they ultimately are, it doesn't make sense
16 for it to be that bond amount.  We want to pick a bond amount
17 that is — that is weighty for those individual person's
18 circumstances.  And so if it's OK with your Honor, we'll submit
19 a supplement to the Court, once we know and have interviewed
20 those cosigners, indicating what we propose the bond amounts to
21 be.  So we'll require a minor modification to the bond at that
22 time.
23      THE COURT:  OK.  And, Mr. Zornow, are those the
24 conditions as you understand them?
25      MR. ZORNOW:  Yes, your Honor.

1  THE COURT:  I'm just going to read them back to you to
2  make sure I got them all.
3  So it's a $300 million personal recognizance bond
4  secured by the *Aviva* yacht and Mr. Lewis' private aircraft; a
5  bond in an unspecified amount at the moment cosigned by two
6  financially responsible individuals.  He will surrender all
7  passports and not make any new applications.  He will be
8  subject to pretrial supervision as directed by Pretrial
9  Services.  He will execute the extradition waivers.  Travel
10  will be restricted to the Southern District of New York, the
11  Eastern District New York, the Northern District of Georgia,
12  all of Florida, and points in between for purposes of travel,
13  but he's prohibited from international travel.
14  He's prohibited from boarding the yacht.  He must
15  notify the FBI of the Southern District of New York and
16  Pretrial Services if the yacht is moving locations.  He will
17  have access to his plane for purposes of domestic travel for
18  court purposes only and prior notice to the FBI, Southern
19  District of New York, and Pretrial Services.
20  Is that prior notice prior to his domestic travel?
21  MR. ROOS:  Prior to his — prior notice for his
22  domestic travel using a private aircraft.
23  THE COURT:  No contact with codefendants except in the
24  presence of counsel, and no contact with witnesses designated
25  by the Southern District of New York by email or letter except

1  for his personal assistants.
2          Just for purposes of specificity, the personal
3  assistants, is it one?  Two?  How many?
4          MR. ZORNOW:  Three.
5          THE COURT:  Three.
6          MR. ROOS:  Three.
7          THE COURT:  And the government has their names?
8          MR. ROOS:  Yes.  And I should add for this condition,
9  I think it would be appropriate, much like the codefendant
10 provision, it would be no contact with these witnesses except
11 in the presence of counsel.  The witness — the prohibited
12 witnesses, not the personal assistants, which he can speak to.
13         MR. ZORNOW:  Understood.
14         THE COURT:  OK.  For Mr. O'Connor, do you have the
15 agreed-upon conditions?
16         MR. ROOS:  So, your Honor, for Mr. O'Connor and
17 Mr. Waugh, the conditions are the same.  And so if it's OK with
18 your Honor, I'll just read them for both.
19         THE COURT:  Go ahead.  Thank you.
20         MR. ROOS:  So it is a $250,000 personal recognizance
21 bond cosigned by a financially responsible person, the
22 surrender of passports and no new applications, regular
23 reporting to Pretrial Services as directed, no international
24 travel, travel restricted to the continental United States,
25 prohibited from piloting aircrafts, no contact with

1   codefendants or witnesses designated by the Southern District

2   of New York U.S. Attorney's Office except in the presence of

3   counsel, and finally, the surrender of firearms if applicable.

4        THE COURT:  The possession of firearms was not a

5   listed condition for Mr. Lewis.  I'm going to impose that

6   nonetheless, unless there's ──

7        MR. ROOS:  Counsel informed me that there is no

8   firearm, but we have no objection to the condition.

9        MR. ZORNOW:  Nor do we.

10       THE COURT:  I'm going to read back the conditions just

11  to make sure we're ── I got them all.

12       For both Mr. O'Connor and Mr. Waugh, it's a $250,000

13  personal recognizance bond signed by one financially

14  responsible individual.  They will surrender all travel

15  documents and not make any new applications.  Pretrial

16  supervision as directed by Pretrial Services.  Travel will be

17  restricted to the continental United States but no

18  international travel.  They're prohibited from piloting

19  aircraft.  They're not to possess firearms, destructive

20  devices, or other weapons.  There will be no contact with

21  codefendants or witnesses designated by the Southern District

22  of New York except in the presence of counsel.

23       Did I miss anything for either defendant?

24       MR. ROOS:  No, your Honor.

25       THE COURT:  For Mr. Lewis, Mr. O'Connor, and

1   Mr. Waugh, let me just warn you, if you fail to appear in court
2   or if you violate any of the conditions of your release, a
3   warrant will be issued for your arrest.  You and anyone who
4   signed the respective bonds will each be responsible for
5   payment of the full amount.  In Mr. Waugh and Mr. O'Connor's
6   case, that's 250,000, and in Mr. Lewis' case, it's 300 million.
7   And you may be charged with a separate crime of bail jumping.
8            In addition, if you commit a new offense while you are
9   released, in addition to the sentence prescribed for that
10  offense, you will be sentenced to an additional term of
11  imprisonment of not more than ten years if the offense is a
12  felony or not more than one year if the offense is a
13  misdemeanor, and the term of imprisonment will be executed
14  after any other sentence of imprisonment is completed.
15           MR. ROOS:  Your Honor, I think I specified two weeks
16  for completion of the outstanding provisions for Mr. Lewis.
17  We'd ask for the same for the two other defendants.
18           THE COURT:  Two weeks from today is August 9.  So they
19  will be released today on their own signature, and you have
20  until August 9 to complete —— to meet the conditions.
21           Has the district judge set a conference date?
22           MR. ROOS:  No, your Honor.  So we would ask for a
23  control date, and we'll then be making an application for the
24  exclusion of time to the control date.  Having spoken to
25  defense counsel, I think maybe it would be appropriate to set a

1  control date for right after Labor Day, and then we'll perhaps
2  set an earlier date with the district court judge.
3           THE COURT:  I think the day after Labor Day is
4  September 5.  I could set September 5 as a control date.
5           MR. ROOS:  That would be perfect.
6           THE COURT:  So I'll set September 5.
7           And there's no request to exclude time at this time.
8  You'll make it to the district judge?
9           MR. ROOS:  Well, if I could make it — I was planning
10 on making it to you, unless —
11          THE COURT:  Yes.
12          MR. ROOS:  OK.  So the government would move to
13 exclude time under the Speedy Trial Act so that the government
14 can begin producing discovery, negotiate a protective order,
15 and the defense can begin reviewing discovery and contemplating
16 motions so that, if appropriate, the parties could also discuss
17 what's the schedule and disposition for this case.
18          THE COURT:  Do any of the defense attorneys want to be
19 heard on the motion?
20          MR. LEWIN:  No, Judge.
21          MR. CROWLEY:  No, your Honor.
22          MR. ZORNOW:  No, your Honor.
23          THE COURT:  At the request of and with the agreement
24 of the three defendants, I will exclude time through
25 September 5, 2023, and I find that the ends of justice served

1   by taking such action outweigh the interests of the public and
2   the defendant in a speedy trial.
3           Is there anything further from either side?
4           MR. ROOS:  No, your Honor.
5           MR. LEWIN:  No, Judge.
6           MR. CROWLEY:  No.  Thank you, your Honor.
7           MR. ZORNOW:  No, your Honor.
8           THE COURT:  Thank you so much.
9           MR. ZORNOW:  Thank you, your Honor.
10          (Adjourned)