N88KLEWC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                             23 CR 370 (JGLC)

JOSEPH LEWIS, PATRICK
O'CONNOR, BRYAN MARTY WAUGH,

                                    Conference
              Defendants.

------------------------------x
                                    New York, N.Y.
                                    August 8, 2023
                                    10:00 a.m.
Before:
                HON. JESSICA G.L. CLARKE,

                                    District Judge

                      APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
JASON RICHMAN
NICOLAS ROOS
     Assistant United States Attorneys

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
     Attorneys for Defendant Lewis
BY:  DAVID M. ZORNOW
     CHRISTOPHER J. GUNTHER
     STEVEN RONALD GLASER

KAPLAN HECKER & FINK LLP
     Attorneys for Defendant O'Connor
BY:  SHAWN GEOVJIAN CROWLEY
     MICHAEL FERRARA
     ANNE R. YEARWOOD

KRIEGER KIM & LEWIN LLP
     Attorneys for Defendant Waugh
BY:  NICHOLAS JAMES LEWIN
     OLEG M. SHIK

1        THE COURT:  We are here in *United States v. Lewis,*
2   *et al.*
3        Counsel, please state your name for the record,
4   starting with the government.
5        MR. RICHMAN:  Your Honor, good morning.  Jason Richman
6   and Nicolas Roos, for the government.  With us at counsel table
7   today is Special Agent Tyler Whitecomb, from the Federal Bureau
8   of Investigation.
9        THE COURT:  Good morning.
10       MR. ZORNOW:  Good morning, your Honor.  David Zornow,
11  Skadden Arps Slate Meagher & Flom LLP, I'm joined by my
12  colleagues, Chris Gunther and Steven Glaser, for Mr. Lewis.
13       THE COURT:  Good morning.
14       MR. CROWLEY:  Good morning, your Honor.  Shawn
15  Crowley, from Kaplan Hecker & Fink, and my colleagues, Mike
16  Ferrara and Anne Yearwood, and we represent Pat O'Connor, who's
17  seated to my right.
18       THE COURT:  Good morning.
19       MR. LEWIN:  Good morning, Judge.  Nicholas Lewin, from
20  Krieger Kim & Lewin, I'm joined by my colleague, Oleg Shik,
21  who's seated behind me, for Marty Waugh, who's seated right to
22  my left.
23       THE COURT:  Good morning.
24       MR. LEWIN:  Good morning, Judge.
25       THE COURT:  Mr. Lewis — who we have on by phone —

N88KLEWC

1   Mr. O'Connor and Mr. Waugh, I am Judge Clarke, the district
2   judge assigned to your case, and we are here for an initial
3   conference to set a schedule.
4           Mr. Lewis, can you hear me okay?
5           Mr. Lewis, can you hear me okay?
6           DEFENDANT LEWIS:  Yes, your Honor.
7           THE COURT:  If at any point, you can't hear me or
8   can't hear anything that's happening, please speak up and let
9   us know.
10          DEFENDANT LEWIS:  Yes, your Honor.
11          THE COURT:  And you understand, Mr. Lewis, that you
12  have a right to attend this conference in person?
13          DEFENDANT LEWIS:  Yes, your Honor.  I am in a hospital
14  at the moment.
15          THE COURT:  You discussed that right with your
16  counsel?
17          DEFENDANT LEWIS:  I did, your Honor.
18          THE COURT:  And you waived the right to appear in
19  person today?
20          DEFENDANT LEWIS:  I did, your Honor.
21          THE COURT:  Thank you.
22          Let's start.
23          Mr. Richman, could I have a report on the nature of
24  this case?
25          MR. RICHMAN:  Of course, your Honor.  Thank you.

The defendants are charged in an indictment with participating in a series of multiple schemes to violate the securities laws of the United States through insider trading. There's an additional count, your Honor, that only charges Mr. Lewis with false reporting in relation to some SEC-required reporting.

THE COURT: Great.

Does the government anticipate filing any superseding indictments adding any defendants or adding any additional charges?

MR. RICHMAN: Your Honor, I would say the investigation is ongoing. As I stand here today, the answer is no. That could change, and if it does, we will, of course, promptly notify the Court, both as to additional defendants and as to additional charges against these defendants.

THE COURT: Great.

Would you please describe the current status of discovery?

MR. RICHMAN: Certainly, Judge. Thank you.

We sent a proposed protective order to the defendants yesterday, your Honor. It's a pretty standard protective order for our office. We look forward to engaging with counsel on that protective order, and we will submit it to your Honor as soon as, hopefully, we reach some agreement on it.

As soon as we do, we're going to start rolling out

discovery productions.  Discovery is an extremely large volume of material, and we've discussed this with defense counsel before today.  We think there will be over 20 terabytes of data in total, millions of pages of documents.  The material includes five electronic devices, 14 email accounts, 11 iCloud accounts, 2703(d) returns, materials received from the SEC, and additional materials received pursuant to subpoenas and other process issued by the government.

We would anticipate, your Honor, producing material on a rolling basis.  We believe that we can produce the bulk of the material within 60 days, with one exception, which I'll come to in a moment.

We are still -- the exception, your Honor, is that there is still a privilege review and then a responsiveness review to be done for iCloud accounts.  The reason being, Judge, we received a warrant earlier this year as to those accounts.  The volume is extremely large, and that process is still being undertaken by the FBI.  We will turn over the warrant underlying those accounts as soon as we start producing discovery, and then we would propose producing the accounts themselves on a rolling basis.  And, as I mentioned, there's a privilege review that's being undertaken, and then there will be a responsiveness review on top of that.

That material, again, it's a large volume, we don't know what's in there, and those are cloud accounts, so it could

1  be anything from messages to movies and things like that.

2  THE COURT:  Just on that point, how long do you think

3  it will take for you to review and produce that?

4  MR. RICHMAN:  Your Honor, we discussed this a little

5  bit with defense counsel before.

6  We hope to be in a position to better answer that

7  question this week.  Some of that material just came down

8  recently.  We would hope that we're able to get that out sort

9  of on a similar timeline, but we would flag for the Court that

10  we can't make any guarantees.  We're happy, of course, to keep

11  the Court apprised of our progress as it's going.  If it's

12  taking us longer, we will apprise the Court of that, and if we

13  get it done sooner, we will let the Court know as well.

14  THE COURT:  Is there any reason to think it wouldn't

15  be produced within 90 days, everything produced within 90 days?

16  MR. RICHMAN:  Your Honor, I certainly hope not.  I

17  don't want to sort of get out in front of my skis and make that

18  prediction or guarantee at this point.  I think we would hope

19  to be done within 90 days, but, again, we could keep the Court

20  updated as we're going.  And I would emphasize, Judge, this is

21  a portion of the material, not all of it, and we will produce

22  the warrant as soon as we start producing discovery.

23  THE COURT:  So why don't we have all discovery

24  produced within 90 days.  If you need additional time, you can

25  come back to me if there's a good cause to extend that

N88KLEWC

1  deadline, but we'll set 90 days for now.
2        And, as I understand it, Mr. Richman, you will be
3  producing things on a rolling basis, correct?
4        MR. RICHMAN:  Absolutely, Judge.
5        THE COURT:  Great.
6        Mr. Zornow --
7        MR. ZORNOW:  Yes, your Honor.
8        THE COURT:  -- would you like to look over discovery
9  and talk to your client and then come back at a later date to
10 set motions and trial date?
11       MR. ZORNOW:  Yes, your Honor.  Given the volume of
12 material that we're going to be receiving, it's going to take
13 us some time to review it intelligently and be in a position to
14 suggest a timetable for the Court for motions.  So we would
15 suggest exactly what you're proposing.
16       THE COURT:  Ms. Crowley and Mr. Lewis?
17       MR. CROWLEY:  Yes, your Honor, we agree with that.
18       THE COURT:  Mr. Lewin?
19       DEFENDANT LEWIS:  Same, Judge.  Thank you.
20       THE COURT:  Mr. Zornow, based on what you've heard,
21 how much time do you think you need to review — I know it might
22 be difficult to estimate — just to be in a position to assess
23 whether there are any motions that you might want to make?
24       MR. ZORNOW:  I'd say that's very hard to predict, your
25 Honor, but, certainly, we're going to need some significant

1     period of time after we receive all this stuff.  I would say on
2     the assumption we're reviewing it as we're getting it, and if
3     we're getting it on a prompt basis, maybe 60 days after the 90.
4                THE COURT:  Great.
5                Any objection to that timeline, Ms. Crowley and
6     Mr. Lewin?
7                MR. CROWLEY:  No, your Honor.
8                THE COURT:  Mr. Lewin?
9                MR. LEWIN:  No, Judge, that's fine.
10               THE COURT:  Great.
11               I don't have my calendar in front of me.  Give me one
12    moment.
13               (Pause)
14               THE COURT:  Again, all discovery will be due
15    November 10th.
16               And then we will set the next conference for
17    January 10th, at 10:00 a.m.
18               Any concerns with that date?
19               MR. ZORNOW:  No, that's fine, your Honor.
20               MR. RICHMAN:  Not from the government.  Thank you,
21    your Honor.
22               THE COURT:  Great.
23               I'm also going to set the expert disclosure deadline
24    now.  Any expert disclosures from the government will be due
25    60 days before trial.  Any expert disclosures from the defense

N88KLEWC

will be due 30 days before trial.  To the extent that the parties think this case warrants a different timeline, you can either let me know at the next conference or by letter motion.

I also see that a Rule 5(f) order has been issued in this matter, and although it's on the docket, I'm going to remind the government again of its obligations here today.

So pursuant to Federal Rule of Criminal Procedure 5(f), I remind the prosecution of its obligation under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the prosecution.  The prosecution must make good-faith efforts to disclose such information to the defense as soon as reasonably possible.  Failure to do so may result in any number of consequences, including a continuance, sanctions, dismissal, or vacatur of a conviction.

Does the prosecution confirm that it understands its obligations and either has or will fulfill them?

MR. RICHMAN:  I do, your Honor.  Thank you.

THE COURT:  Yes.

And, Mr. Richman, are there any other matters before I ask about the Speedy Trial Clock?

MR. RICHMAN:  Just one additional subset of matters, your Honor.

As to bail, a couple of issues were left open at our

1  initial appearance.
2      The first one, Judge, was the amount of the personal
3  recognizance bond for Mr. O'Connor and Mr. Waugh.  We have now
4  conferred with the defense, and we would propose that a
5  $250,000 personal recognizance bond makes sense for both
6  defendants.  We understand the Court can order that, and then
7  we can deal with Magistrate's Court as to the logistics of
8  getting the bond amended.
9      THE COURT:  Is there any objection?
10     MR. CROWLEY:  I believe that amount was actually set
11 at the arraignment.
12     MR. RICHMAN:  Okay.  If it was, then it was, and we
13 misunderstood, Judge.  We thought it was left open, but that's
14 fine.
15     THE COURT:  Okay.  If there's any dispute about that,
16 just please come back to me, and we will deal with it quickly.
17     Anything else?
18     MR. RICHMAN:  As to Mr. Lewis, your Honor, there were
19 two tranches of the bond, Judge; one was a secured bond by
20 Mr. Lewis, and then there were two cosigners.  The amount of
21 responsibility for the two cosigners was left open at the
22 arraignment.  We propose that that number should be $500,000,
23 and that will be amended on the bond accordingly.
24     In addition, your Honor, we remain in negotiations or
25 conversations with Mr. Lewis' counsel about his posting of

1  certain assets.  We will not complete that by the deadline, so
2  the parties would jointly request an additional seven days to
3  complete those conversations.
4            THE COURT:  That's fine.
5            Any objection, Mr. Zornow?
6            MR. ZORNOW:  No, your Honor.
7            THE COURT:  Great.
8            Any other matters from defense counsel?
9            MR. LEWIN:  Yes, Judge.
10           With respect to your Honor's Rule 3(a), I was hoping
11 to briefly address that with the Court.
12           THE COURT:  Sure.
13           MR. LEWIN:  Thank you, Judge.
14           Your Honor's Rule 3(a), in the individual rules and
15 practices in criminal cases, reads, as your Honor knows,
16 "Whenever defense counsel has received, or is receiving, a
17 benefactor payment that subjects counsel to a conflict of
18 interest, said counsel must inform the Court and request a
19 *Curcio* hearing at the first conference."
20           So, Judge, I was hoping to sort of address first the
21 facts and then explain why we — and I believe counsel for
22 Mr. O'Connor will join — don't believe that a *Curcio* is
23 necessary.
24           So, Judge, first, with respect to the facts:
25           Mr. Waugh's attorney fees and expenses are, in fact,

being covered through a benefactor or third-party payor.
Specifically, Mr. Waugh is employed by Tavistock Aviation,
Incorporated.  Tavistock Aviation, Incorporated, is affiliated
with an entity called Tavistock Financial, LLC.  Both Tavistock
Financial, LLC, and Tavistock Aviation are closely affiliated
with Joe Lewis, the codefendant in this case.

        Mr. Waugh's attorneys' fees and all expenses are being
paid, and will be paid, throughout the pendency of this
proceeding and the parallel SEC proceeding, to the extent that
happens, by Tavistock Financial, LLC.  So, obviously, we are
disclosing to the Court that we are receiving benefactor
payment.

        That said, Judge, it's our position that those
payments do not — and I am quoting your Honor's rules now —
subject counsel to a conflict of interest.  We have, pursuant
to New York Rule of Professional Conduct 1.8(f), reviewed the
potential conflict of interest with Mr. Waugh, which is, of
course, twofold, Judge — it's first that our duty of loyalty
could theoretically be compromised by our interest in receiving
payment from a third party; and, second, that a duty of
confidentiality could somehow be violated by us.  I've also, to
be frank, assured Mr. Waugh that neither of those things will
happen, but we have discussed that.

        In addition, we have received informed consent from
the beginning of this representation, which is when these

1  payments commenced.  We have received written informed consent
2  from Mr. Waugh to proceed.  And we understand and have conveyed
3  our obligations to both direct all our duties of loyalty to
4  Mr. Waugh and our duty of confidentiality to him.
5        So, in this case, Judge, we are receiving benefactor
6  payments.  We don't think a *Curcio* hearing is necessary because
7  we don't think those payments subject us to a conflict of
8  interest.  Thank you, Judge.
9        THE COURT:  Anything else from Ms. Crowley?
10       MR. CROWLEY:  I have nothing to add other than
11 Mr. Lewin is correct that Mr. O'Connor is in the same position,
12 which is that our fees are being paid by Tavistock Financial
13 and will be throughout the litigation.
14       THE COURT:  Mr. Richman, do you have a position on
15 this?
16       MR. RICHMAN:  Your Honor, I think our initial take is
17 that taking all that at face value, of course, it would seem to
18 make sense to put it on the record through Mr. Waugh and
19 Mr. O'Connor, and then we could move forward.
20       THE COURT:  Okay.
21       Why don't we schedule additional time to go over this.
22 So please submit a letter motion about this issue, and we'll
23 schedule additional time for a potential hearing.
24       MR. LEWIN:  Yes, Judge, we'll do that, and we'll do it
25 quickly.

1     THE COURT:  Thank you.
2            Anything else?
3            MR. RICHMAN:  Just the exclusion of time, your Honor,
4     which we're happy to handle now.
5            THE COURT:  Great.  Go ahead.
6            MR. RICHMAN:  Thank you, your Honor.
7            The government would move to exclude time, pursuant to
8     the Speedy Trial Act, from today through January 10th of 2024,
9     to allow the parties to negotiate a protective order, to allow
10    the government to begin producing discovery, to allow the
11    defendants to review that discovery and contemplate motion
12    practice, and to allow the parties to discuss potential
13    pretrial dispositions of this matter.
14           THE COURT:  Any objection?
15           MR. ZORNOW:  No, your Honor, on behalf of Mr. Lewis.
16           MR. CROWLEY:  No, your Honor.
17           MR. LEWIN:  No, Judge.  Thank you.
18           THE COURT:  Great.
19           I will exclude time from today until January 10th,
20    2024.  I find that the ends of justice served by excluding such
21    time outweigh the interests of the public and the defendants in
22    a speedy trial.  It will permit discovery to be produced and
23    evaluated by defense counsel and defendants.
24           Accordingly, the Court excludes the time from today's
25    date until January 10th, 2024, from the Speedy Trial Act

1    calculation, pursuant to 3161(h)(7)(A).
2              Thank you, all.
3              (Adjourned)