# KRIEGER KIM & LEWIN LLP

350 Fifth Avenue, 77th Floor                                                                Telephone: (212) 390-9550
New York, NY 10118                                                                          www.KKLllp com

September 6, 2023

<u>By ECF</u>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re:     United States v. Lewis et al., 23 Cr. 370 (JGLC)*

Dear Judge Clarke:

We represent Bryan "Marty" Waugh in the above-captioned matter.  We write in response to Your Honor's August 28, 2023 Order directing counsel to "submit a joint letter further describing the payment arrangements at issue here and whether they believe a *Curcio* hearing is necessary."  *See* ECF No. 38, Aug. 28, 2023 Order (the "Order").  Defendant Patrick O'Connor joins in this letter.

In short, we have no objection to a *Curcio*[1] hearing if the Court is inclined to hold one.  But we believe that such a hearing is unnecessary because no conflict-of-interest inheres in our acceptance of payments on our client's behalf so long as we: (i) abide by our professional obligations to protect his confidential information; (ii) ensure that the third-party payments do not interfere with our independent professional judgment or the attorney-client relationship; and (iii) obtain informed consent for the third-party payments from our client.  *See* N.Y. Rule of Professional Conduct (22 NYCRR 1200.0) 1.8(f); *see also id.* 1.7, Comment 13; Restatement of the Law Governing Lawyers § 134(1).  As set forth below, counsel for Mr. Waugh and Mr. O'Connor have done exactly that.

Regarding the payment arrangements at issue, our clients are employed by Tavistock Aviation Inc., an affiliate of Tavistock Financial LLC (the "Company").  The Company, which is controlled by co-defendant Joseph Lewis, has agreed to pay our clients' legal fees and charges throughout the pendency of this matter and a related matter, *U.S. Securities and Exchange Commission v. Lewis et. al*, 23 Civ. 6438 (CM) (S.D.N.Y.).  This indemnification does not come with any conditions, limitations, or restrictions whatsoever regarding our obligations to exercise our independent judgment exclusively on our clients' behalf, or to adhere to our duty of confidentiality to them.

---

[1] *See United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982).

The fact that our clients' legal fees and charges are being paid by the Company does not create a *per se* conflict of interest.  *See Bell v. Ramirez*, 2017 WL 4296781, at *2 (S.D.N.Y. Sept. 26, 2017); *A.R. v. New York City Dep't of Educ.*, 2014 WL 5462465, at *4 (S.D.N.Y. Oct. 28, 2014).  "A lawyer may be paid from a source other than the client . . . if the client is informed of that fact and consents and the arrangement does not compromise the lawyer's duty of loyalty or independent judgment to the client."  N.Y. Rule of Professional Conduct (22 NYCRR 1200.0) 1.7, Comment 13; *see also id.* at 1.8(f) (permitting third-party payments so long as "(1) the client gives informed consent; (2) there is no interference with the lawyer's independent professional judgment or with the client-lawyer relationship; and (3) the client's confidential information is protected as required by Rule 1.6").[2]

Because we have adhered to the requirements of N.Y. Rule of Professional Conduct 1.8(f), there is no conflict triggering the need for a *Curcio* hearing pursuant to Your Honor's Criminal Case Rule 3(a) ("Whenever defense counsel has received, or is receiving, a benefactor payment *that subjects counsel to a conflict of interest*, said counsel must inform the Court and request a *Curcio* hearing at the first conference.") (emphasis supplied).  Specifically, the Company's indemnification of Messrs. Waugh and O'Connor does not "subject[] counsel to a conflict of interest," *id.*, because we have discussed with our clients the potential risks of third-party payments of legal fees, including potential breaches of confidentiality and interference with counsel's independent professional judgment or with the attorney-client relationship.  We have also explained to our clients that we understand (and will, of course, abide by) our professional obligations to them, and that their indemnification by the Company comes with no conditions whatsoever that would affect our performance of those obligations.  And Messrs. Waugh and O'Connor have provided their written and oral informed consent to move forward with this third-party payor arrangement.  *See* N.Y. Rule of Professional Conduct (22 NYCRR 1200.0) 1.0(j).

---

[2] "It is common for third parties to pay attorney's fees."  NYSBA Comm. on Prof'l Ethics, Formal Op. 1000, at 2 (2014) ("Payment of Legal Fees by a Non-Client Whose Interests Could Be Adverse to the Lawyer's Client"), https://nysba.org/app/uploads/2014/03/Opn-1000.pdf; *see also* NYSBA Comm. on Prof'l Ethics, Formal Op. 1063, at 1 (2015) ("Conflicts; fees paid by third-party payors"), https://nysba.org/app/uploads/2015/06/Opn-1063.pdf;  N.Y. Rule of Professional Conduct (22 NYCRR 1200.0) 1.8(f), Comment 11 ("Lawyers are frequently asked to represent clients under circumstances in which a third person will compensate them."); *cf.* Br. of Amici Curiae Legal Ethics Scholars 5, *Acklin v. Alabama*, 2018 WL 6651247 (U.S.), *cert. denied*, 139 S.Ct. 1374 (2019) (third-party payor situations "may often be beneficial—particularly where the arrangement serves to protect the defendant's right to his or her counsel of choice").

Accordingly, because the "benefactor payment [does not] subject[] counsel to a conflict of interest," Criminal Case Rule 3(a), we respectfully submit that no *Curcio* hearing is required.[3]

Respectfully submitted,
KRIEGER KIM & LEWIN LLP

By _____
Nicholas J. Lewin
Paul M. Krieger
Oleg M. Shik

cc by ECF: All counsel of record

---

[3] Should the Court order a *Curcio* hearing, we will arrange for Messrs. Waugh and O'Connor to consult with independent counsel (at no cost to them) prior to any such hearing.