

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278*

January 14, 2025

BY ECF

The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States* v. *Joseph Lewis et al.*, S1 23 Cr. 370 (JGLC)

Dear Judge Clarke:

      The Government respectfully requests that the Court enter the attached restitution order.

      As the Court is aware, Section 3664 provides for a period of 90 days after sentencing for the Court to make a final determination of victim losses. 18 U.S.C. § 3664(d)(5). However, as the Supreme Court has made clear, this provision is a so-called "time-related directive" only, which does not limit the power of the Court to order restitution even after the expiration of this 90-day period. *Dolan v. United States*, 560 U.S. 605, 610-11 (2010); *see also United States v. Avenatti*, 81 F.4th 171, 203-07 (2d Cir. 2023).

      A victim of a conspiracy to misappropriate confidential information may, among other things, seek restitution to compensate for legal expenses. *See United States v. Gupta*, 925 F. Supp. 2d 581, 586 (S.D.N.Y. 2013); *United States v. Skowron*, 839 F. Supp. 2d 740, 745 (S.D.N.Y. 2012). Here, in advance of the defendant Joseph Lewis's sentencing, one of the victims of the defendant's misappropriation—Solid Biosciences Inc.—submitted a victim impact statement seeking restitution to compensate for legal expenses. At the defendant's request, and with the Government's consent, the Court deferred the determination of Solid Bioscience's restitution claim so that counsel for the defendant and Solid Biosciences could confer about the restitution claim. On November 12, 2024, counsel for Solid Biosciences informed the Government that the defendant agreed to pay Solid Biosciences $400,000 as restitution to compensate for attorney's fees. The Government consulted with defense counsel for Mr. Lewis, who confirmed such a settlement had been reached, and the parties agree that $400,000 represents a reasonable estimate of expenses incurred by Solid Biosciences Inc. during and directly related to its participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense. *United States v. Milstein,* 481 F.3d 132, 137 (2d Cir. 2007).

      Accordingly, because Solid Biosciences is a victim in this case and incurred expenses as a result of the defendant's conduct, the award of $400,000 in restitution is appropriate. The defendant, through counsel, consents to the entry of the proposed order.

                              Respectfully submitted,

                              MATTHEW PODOLSKY
                              Chief Counsel to the Acting United States Attorney
                              Attorney for the United States, Acting under
                              Authority Conferred by 28 U.S.C. § 515

                       By: s/ Nicolas Roos
                              Nicolas Roos
                              Jason A. Richman
                              Assistant United States Attorneys
                              (212) 637-2589/2421

cc:    Defense Counsel (by ECF)